**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ROBERT KENNY,

*Plaintiff,*

-vs.-

SUSAN M. DENBO, RIDER UNIVERSITY, and THE RIDER UNIVERSITY CHAPTER OF THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS

*Defendants.*

Civil Action No. 16-8578 (AET/LHG)

**MOTION RETURNABLE ON JANUARY 3, 2017 AT 9:00 AM**

# MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO STAY DISCOVERY AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND COMPEL DISCOVERY

Mary Pat Gallagher
GERBER & PARTNERS LLP
155 Willowbrook Blvd., Suite 300
Wayne, New Jersey 07470
(973) 256-9000
mpgallagher@gerberpartners.com

*Attorney for Defendants, Susan M. Denbo and Rider University*

Dated: December 20, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................... i

I. RELEVANT PROCEDURAL HISTORY AND STATEMENT OF FACTS ..................... 1

II. LEGAL ARGUMENT ..................... 4

POINT ONE GOOD CAUSE EXISTS FOR THE ENTRY OF A STAY OF DISCOVERY PENDING THE RESOLUTION OF THE RIDER CHAPTER'S MOTION TO DISMISS ..................... 4

POINT TWO PLAINTIFF'S MOTION TO COMPEL DISCOVERY MUST BE DENIED AND PLAINTIFF MUST BE DIRECTED TO WITHDRAW THE SECOND SET OF INTERROGATORIES SERVED ON RIDER UNIVERSITY AND SUSAN DENBO ..................... 7

V. CONCLUSION ..................... 8

# TABLE OF AUTHORITIES

## Cases

*Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743
2013 U.S. Dist. LEXIS 135524 (D.N.J. Sept. 6, 2013) ........ 6

*DiGregorio v. First Rediscount Corp.*,
506 F. 2d 781 (3d Cir. 1974) ........ 5

*Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*,
174 F.R.D. 572 (D.N.J. 1997) ........ 5

*James v. York County Police Dep't,*
160 F. App'x 126 (3d Cir. 2005) ........ 5

*Marroquin-Manriquez v. I.N.S.*,
699 F. 2d 129 (3d Cir. 1983) ........ 5

*McAssey v. Discovery Mach, Inc.*,
2016 U.S. Dist. LEXIS 76327 (M.D. Pa June 13, 2016) ........ 5

*Weisman v. Mediq, Inc.*, No. 95-1831
1995 U.S. Dist. LEXIS 5900, 1995 WL 274678 (E.D. Pa. May 3, 1995) ........ 6

*Wisniewski v. Johns-Manville Corp.*,
812 F. 2d 81 (3d Cir. 1987) ........ 5

## Court Rules

*Fed R. Civ. P.* 26(b)(1) ........ 4

26(b)(2)(c) ........ 4

*Fed R. Civ. P.* 26(d) ........ 7

26(f) ........ 8

## RELEVANT PROCEDURAL HISTORY AND STATEMENT OF FACTS

Defendant Rider University is a university with a campus located in Lawrenceville, New Jersey. Defendant Susan M. Denbo is Professor at Rider University. Plaintiff Robert Kenny ("Plaintiff") was previously employed as an adjunct Associate Professor by Defendant Rider University. See Plaintiff's Fourth Amended Complaint, ¶¶ 1-2 and 4. Plaintiff's Fourth Amended Complaint, in relevant part, alleges three causes of action against Rider University and/or Susan Denbo – Libel (Count I), Fraud and Equitable Fraud (Count II) and Breach of Contract (Count III).

Approximately two years prior to removal of this action by the co-defendant Rider University Chapter of the American Association of University Professors (the "Rider Chapter"), the State of New Jersey Superior Court entered a Case Management Order dated December 29, 2014 that set a discovery end date of July 31, 2015 with fact discovery to be concluded on June 26, 2015. Declaration of Mary Pat Gallagher ("Gallagher Dec."), ¶3, Ex. A. Pursuant to that Order, on December 15, 2014, Plaintiff served interrogatories on Professor Denbo and Rider University. On March 3, 2015, Defendants' privilege log, answers to Plaintiff's interrogatories and related documents were served. Defendants have produced or identified documents bate stamped 1 to 1321, inclusive of those identified on the privilege log. On December 16, 2014, Plaintiff served requests for admissions on Professor Denbo and Rider University. Under cover of letter dated January 14, 2015, Defendants' responses to the Requests for Admissions were served. Gallagher Dec. ¶¶4-5.

On May 12, 2015, Defendants filed a motion to, in relevant part, extend discovery, which application was granted on June 18, 2015. Thereafter, pursuant to an Order entered September 1, 2015, discovery was again extended until October 31, 2015. Gallagher Dec., ¶6, Exs. B and C.

The depositions of defendant Susan Denbo and witness, Professor Ira Sprotzer, were conducted and completed on July 6, 2015. Plaintiff's deposition was conducted on June 10, 2015 and October 19, 2015. Plaintiff's deposition is not yet completed. Gallagher Dec. ¶7.

The deposition of witness Jeffrey Halpern was noticed by Defendants and commenced on October 21, 2015. Dr. Halpern is the AAUP Grievance Officer of the Rider Chapter of the AAUP. At no time prior to the October 30, 2015 discovery end date did Plaintiff seek to notice the deposition of Dr. Halpern. At the time of Dr. Halpern's deposition, the Rider Chapter was not a party to the litigation. Dr. Halpern's deposition was not completed. Gallagher Dec. ¶8.

On January 22, 2016, Plaintiff's motion to file a Third Amended Complaint naming (mistakenly) the American Association of University Professors Collective Bargaining Congress as a party was granted. In permitting Plaintiff to file a Third Amended Complaint, the Court stated " . . . I have granted your amended complaint to include the union, but that doesn't mean you can start all over with . . . this group [Defendants]." Gallagher Dec. ¶ 9, Ex. D, p. 16, lines 16:11-13. Eight months later, on September 28, 2016, an Order granting Plaintiff's motion to compel the continued depositions of then non-party witness Dr. Halpern and Plaintiff was entered. The depositions were to be completed no later than October 30, 2016. With respect to the continued deposition of Dr. Halpern, questioning was limited to the allegations in the Second Amended Complaint; questions related to Plaintiff's breach of the duty of representation claim, as alleged in the Third Amended Complaint, or any other matter not likely to lead to the discovery of admissible evidence, were barred. Nothing contained in the Order was to be deemed an extension of the October 30, 2015 discovery end date as to Defendants Denbo and Rider University. Gallagher Dec., ¶10, Ex. E.

On October 11, 2016, an Order extending discovery until January 10, 2016 was entered. On October 14, 2016, an Order dismissing the claims against the defendant American Association of University Professors Collective Bargaining Congress and permitting the filing of the Fourth Amended Complaint, which included claims against the Rider Chapter, was entered. On October 20, 2016, Plaintiff filed the Fourth Amended Complaint naming the Rider Chapter as a defendant. Gallagher Dec., ¶¶11- 13, Exs. F and G. In response to these developments, in a letter to the Honorable Janetta D. Marbrey, J.S.C., dated October 21, 2016, Matthew D. Areman, Esq., who had been retained by the Rider Chapter to represent its interests in this litigation, requested additional time to become familiar with the history of the litigation. In that letter, Mr. Areman, with the consent of Plaintiff and Defendants, asked that the Court modify/rescind the September 28, 2016 discovery order in favor of the new discovery schedule set forth in the Court's October 11, 2016 Order on the grounds that such an extension would make it unnecessary to limit the scope of Dr. Halpern's deposition and thereby avoid the need for "piecemeal, multiple day deposition." Gallagher Dec., ¶14. Ex. H, p. 2.

Thereafter, on October 25, 2016, the Court rescinded and modified the September 28, 2016 discovery Order to provide that discovery, including but not limited to the depositions of Plaintiff and Dr. Halpern, was extended until January 10, 2017. Gallagher Dec., ¶15, Ex. I Thus, notwithstanding Plaintiff's allegations to the contrary, Defendants were never in violation of the September 28, 2016 Order, which was rescinded and modified to extend the time to complete discovery let alone on the "cusp of being sanctioned for failure to make discovery." See Plaintiff's Moving Brief, p. 2.

On November 17, 2016, co-defendant Rider University Chapter of the American Association of University Professors removed Plaintiff's Fourth Amended Complaint from the

New Jersey Superior Court, Law Division, Mercer County to the United States District Court. (ECF Doc. No. 1). That motion is currently returnable on January 17, 2017. On November 28, 2016, Plaintiff filed his Motion to Remand and Compel Discovery.[1] (ECF Doc. No. 6). That motion is currently returnable on January 3, 2017.

Post-removal, Plaintiff served a Second Set of Interrogatories on Rider University and a Second Set of Interrogatories on Susan Denbo. Gallagher Dec., ¶19.

## LEGAL ARGUMENT

## POINT I

### GOOD CAUSE EXISTS FOR THE ENTRY OF A STAY OF DISCOVERY PENDING THE RESOLUTION OF THE RIDER CHAPTER'S MOTION TO DISMISS.

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

*Fed. R. Civ. P.* 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. It has long been held that

[1] Defendants address only that part of Plaintiff's motion that seeks an Order compelling discovery. The motion to remand is not addressed.

decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J.1997).

The Court's broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. This discretion is guided, however, by certain basic principles. One of these principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. *See, e.g.*, *James v. York County Police Dep't,* 160 F.App'x 126, 136 (3d Cir. 2005). "Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court." *McAssey v. Discovery Mach, Inc.*, 2016 U.S. Dist. LEXIS 76327, at *4-5` (M.D.Pa June 13, 2016).

Courts generally weigh a number of factors in determining whether to grant a stay including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 U.S. Dist. LEXIS 135524, *12 (D.N.J. Sept. 6, 2013). However, additional considerations arise depending upon the circumstances for which the movant requests a stay. For example, in *Actelion*, the Court noted that in the context of a stay pending resolution of a dispositive motion, courts consider whether the pending dispositive motion appears to have substantial grounds or foundation in law. 2013 U.S. Dist. LEXIS 135524 at *16-17. In the absence of a showing that the dispositive motion is without foundation or otherwise frivolous, the filing of a dispositive motion may favor issuance of a stay, where, as here, the resolution of the dispositive motion may "'narrow[]'" or "'outright eliminat[e]'" the need for discovery. *Id.* at *17 (quoting *Weisman v. Mediq, Inc.*, No. 95-1831, , 1995 U.S. Dist. Lexis 5900, 1995 WL 274678, at *2 (E.D.Pa. May 3, 1995).

Applying the foregoing to the instant matter, the circumstances warrant the issuance of a stay pending resolution of the dispositive motion because the motion seeks a determination of the law based on undisputed facts requiring no factual development. Discovery prior to resolution of the motion would constitute an unnecessary waste of resources because a ruling granting the pending motion to dismiss would result in the dismissal of the Rider Chapter and obviate the need for discovery related to Plaintiff's claims against the Rider Chapter and the Rider Chapter's defenses thereto. Furthermore, the brief stay will not prejudice Plaintiff. On December 29, 2014, the initial Case Management Order established an initial discovery end date of July 31,

2015 with fact discovery to be concluded on June 26, 2015. Almost two years later, Plaintiff seeks to compel the continued depositions of Plaintiff and Professor Halpern, which depositions were last conducted over one year ago. A further brief delay in the continuation of those depositions is not prejudicial to Plaintiff. In contrast, requiring Defendants to continue the depositions of Plaintiff and Dr. Halpern prior to the resolution of a dispositive motion, the outcome of which will significantly impact the scope of discovery, creates a clear hardship to Defendants in that it would require Defendants to engage, perhaps unnecessarily, in costly and inefficient discovery proceedings. The potential cost of this discovery establishes a specific and substantiated risk of harm. Furthermore, assuming the dispositive motion is granted, a stay would simplify the issues and trial of this case. Therefore, on balance, the factors weigh in favor of a stay pending the resolution of the pending dispositive motion.

## POINT II

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY MUST BE DENIED AND PLAINTIFF MUST BE DIRECTED TO WITHDRAW THE SECOND SET OF INTERROGATORIES SERVED ON RIDER UNIVERSITY AND SUSAN DENBO.

Plaintiff mistakenly relies on the September 28, 2016 Order requiring the completion of depositions by October 30, 2016 in support of the motion to compel. As discussed more fully above, that Order was rescinded and modified on October 25, 2016 and discovery was extended until January 10, 2017. Thus, Defendants have never been in violation of the September 28, 2016 Order let alone on the verge of being sanctioned. For that reason alone, Plaintiff's motion to compel and for sanctions must be denied.

Furthermore, Plaintiff has served Defendants with supplemental written discovery demands in violation of *Fed.R.Civ.P.* 26(d), which governs the timing of discovery and states that,

as a general matter, a party may not seek discovery before the parties have conferred as required by Rule 26(f). Plaintiff's supplemental discovery demands are also in violation of Judge Marbrey's admonition that simply because Plaintiff was permitted to file an amended pleading, it did not mean Plaintiff was to reopen discover as to Defendants. Gallagher Dec., ¶9.

Therefore, Plaintiff's motion to compel is without merit and must be denied.

## CONCLUSION

For all the foregoing reasons, this Court should grant Defendants' cross-motion for a stay of discovery and deny Plaintiff's motion to compel.

Respectfully submitted,

GERBER & PARTNERS LLP
Attorneys for Defendants Susan M. Denbo and
Rider University

By: */s/ Mary Pat Gallagher*
Mary Pat Gallagher

Dated: December 20, 2016