**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**GERBER & PARTNERS LLP**
Steven Gerber, Esq.
Mary Pat Gallagher, Esq.
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*

ROBERT KENNY,

*Plaintiff,*

-vs.-

SUSAN M. DENBO, RIDER UNIVERSITY, and THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS,

*Defendants.*

Civil Action No. 16-8578 (AET/LHG)

**DECLARATION OF MARY PAT GALLAGHER IN SUPPORT OF CROSS-MOTION TO STAY DISCOVERY AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND COMPEL DISCOVERY**

I, Mary Pat Gallagher, Esq., of full age, hereby certify as follows:

1. I am a Partner in the law firm of Gerber & Partners LLP, attorneys for Defendants, Susan M. Denbo and Rider University (collectively referred to as "Defendants").

2. This Certification Declaration is submitted in support of Defendants Cross-Motion to Stay Discovery pending the resolution of co-defendant Rider University Chapter of the American Association of University Professors (hereinafter referred to as the "Rider Chapter") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(B)(6), currently returnable January 17, 2017, and barring Plaintiff from serving supplemental discovery demands on Defendants. This Certification is also submitted in opposition to that part of

Plaintiff Pro Se Robert Kenny's Motion to Remand and Compel Discovery seeking an Order to compel discovery.

**Discovery in the State Court Proceeding**

3. Prior to removal of this action by the Union, the Superior Court entered a Case Management Order entered on December 29, 2014 established a discovery end date of July 31, 2015 with fact discovery to be concluded on June 26, 2015. A true and correct copy of the Case Management Order is attached hereto as Exhibit "A".

4. On December 15, 2014, Plaintiff served interrogatories on Professor Denbo and Rider University. On March 3, 2015, Defendants' privilege log, answers to Plaintiff's interrogatories and related documents were served. Defendants have produced or identified documents bate stamped 1 to 1321, inclusive of those identified on the privilege log.

5. On December 16, 2014, Plaintiff served requests for admissions on Professor Denbo and Rider University. Under cover of letter dated January 14, 2015, Defendants' responses to the Requests for Admissions were served.

6. On May 12, 2015, Defendants filed a motion to, in relevant part, extend discovery, which application was granted on June 18, 2015. A true and correct copy of the Order extending discovery until August 31, 2015 is attached hereto as Exhibit "B". Thereafter, pursuant to an Order entered September 1, 2015, discovery was again extended until October 31, 2015. A true and correct copy of the September 1, 2015 Order is attached hereto as Exhibit "C". As set forth in the Order, Plaintiff's then attorney, Kevin Begley, Esq., was barred from participating in the litigation but was permitted to continue to advise Plaintiff in accordance with the Rules of Court.

7. The depositions of defendant Susan Denbo and witness, Professor Ira Sprotzer, were conducted on July 6, 2015. Plaintiff's deposition was conducted on June 10, 2015 and October 19, 2015. Plaintiff's deposition is not yet complete. If the Rider Chapter's Motion to Dismiss is granted, it is anticipated that Plaintiff's deposition will be significantly longer than the anticipated two to three hours needed by Defendants to complete the deposition.

8. The deposition of witness Jeffrey Halpern was noticed by Defendants and commenced on October 21, 2015. (At no time prior to the October 30, 2015 discovery end date did Plaintiff seek to notice the deposition of Dr. Halpern.) Dr. Halpern is the AAUP Grievance Officer of the Rider Chapter of the AAUP. At the time of his deposition, the Rider Chapter was not a party to the litigation. Dr. Halpern's deposition was not completed.

9. On January 22, 2016, Plaintiff's motion to file a Third Amended Complaint naming American Association of University Professors Collective Bargaining Congress as a party was granted (the "Congress"). In permitting Plaintiff to file a Third Amended Complaint, the Court stated " . . . I have granted your amended complaint to include the union, but that doesn't mean you can start all over with . . . this group." See Exhibit "D" hereto, a true and correct copy of an excerpt from Transcript of Decision, January 22, 2016, p. 16, lines 16:11-13.

10. On September 28, 2016, an Order granting Plaintiff's motion to compel the continued depositions of non-party witness Dr. Jeffrey Halpern and Plaintiff was entered, which depositions were to be completed no later than October 30, 2016. With respect to the continued deposition of Dr. Halpern, questioning was limited to the allegations in the Second Amended Complaint and questions related to Plaintiff's breach of the duty of representation claim, as alleged in the Third Amended Complaint, or any other matter not likely to lead to the discovery of admissible evidence, were barred. Nothing contained in the Order was to be deemed an

extension of the October 30, 2015 discovery end date as to Defendants Denbo and Rider University. A true and correct copy of the September 28, 2016 Order is attached hereto as Exhibit "E".

11. On October 11, 2016, an Order extending discovery until January 10, 2016 was entered. . A true and correct copy of the October 11, 2016 Order is attached hereto as Exhibit "F".

12. On October 14, 2016, an Order dismissing the claims against the Congress and permitting the filing of the Fourth Amended Complaint, which included claims against the Rider Chapter was entered. See Exhibit "G" hereto, a true and correct copy of the Order filed October 14, 2016.

13. On October 20, 2016, Plaintiff filed the Fourth Amended Complaint.

14. In a letter dated October 21, 2016, Matthew D. Areman, Esq., who had been retained by the Rider Chapter to represent its interests in this litigation, wrote the Honorable Janetta D. Marbrey, J.S.C., seeking additional time to become familiar with the history of the litigation. In that letter, a true and correct copy of which is attached hereto as Exhibit "H". Mr. Areman, with the consent of Plaintiff and Defendants, asked that the Court modify/rescind the September 28, 2016 discovery order in favor of the new discovery schedule set forth in the Court's October 11, 2016 Order on the grounds that such an extension would make it unnecessary to limit the scope of Dr. Halpern's deposition and thereby avoid the need for "piecemeal, multiple day deposition." Exhibit "H", p. 2.

15. Thereafter, on October 25, 2016, the Court rescinded and modified the September 28, 2016 discovery Order to provide that discovery, including but not limited to the depositions of Plaintiff and Dr. Halpern, was extended until January 10, 2017. See Exhibit "I" hereto, a true

and correct copy of the Order filed October 25, 2016. Thus, notwithstanding Plaintiff's allegations to the contrary, Defendants were never in violation of the September 28, 2016 Order, which was rescinded and modified to extend the time to complete discovery let alone on the "cusp of being sanctioned for failure to make discovery." See Plaintiff's Moving Brief, p. 2.

**Removal to U.S. District Court and Request for Stay**

On November 17, 2016, co-defendant Rider University Chapter of the American Association of University Professors removed Plaintiff's Fourth Amended Complaint from the New Jersey Superior Court, Law Division, Mercer County to the United States District Court. (ECF Doc. No. 1).

16. On November 28, 2016, Plaintiff filed his Motion to Remand and Compel Discovery. (ECF Doc. No. 6).

17. It is respectfully requested that all discovery be stayed pending the resolution of the Rider Chapter's motion to dismiss the Complaint, the outcome of which will determine the scope of discovery. If granted, the continued depositions of Plaintiff and witness Jeffrey Halpern will be limited to the claims against Defendants. If denied, presumably, Plaintiff and the Rider Chapter will seek to serve written discovery prior to proceeding to the depositions of Plaintiff and Jeffrey Halpern, who, if that is the case, would appear on behalf of the Rider Chapter as a party representative.

18. Defendants also ask that Plaintiff be required to withdraw the supplemental written discovery served on Defendants under cover of letter dated November 21, 2016. Post-removal, Plaintiff served a Second Set of Interrogatories on Rider University and a Second Set of Interrogatories on Susan Denbo, copies of which will be submitted upon the Court's request. As previously noted, on January 22, 2016, in permitting Plaintiff to file a Third Amended

Complaint, the Court stated " . . . I have granted your amended complaint to include the union, but that doesn't mean you can start all over with . . . this group." See Exhibit "D", p. 16, lines 16:11-13. Therefore, Plaintiffs' Second Sets of Interrogatories are in violation of the State Court's directive and *F.R.C.P.* 26(d)(1) and must be withdrawn.

Pursuant to 28 U.S.C. §1746(2), I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed in Wayne, New Jersey
Dated: December 20, 2016

*s/ Mary Pat Gallagher*
Mary Pat Gallagher

# EXHIBIT "A"

A True Copy
Sue Regan
SUE REGAN
Deputy Clerk of Superior Court

CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED

DEC 29 2014

Sue Regan
SUE REGAN
DEPUTY CLERK OF SUPERIOR COURT

**GONZALEZ SAGGIO & HARLAN LLP**
Mary Pat Gallagher, Esq. ID No.021831992
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*
*Our File No: 8140.0016*

| | |
|---|---|
| ROBERT KENNY,<br><br>*Plaintiff,*<br><br>-vs.-<br><br>SUSAN M. DENBO and RIDER UNIVERSITY,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO: MER-L-1641-12<br><br>Civil Action<br><br>**CONSENT CASE MANAGEMENT ORDER** |

This matter having come before the Court on the joint application of the Parties for entry of a proposed form of Consent Case Management Order; and the Court having considered the submission of the Parties; and good cause appearing for the entry of the within Order;

IT IS on this 19th day of ~~November~~ December, 2014,

ORDERED as follows:

1. **Written Discovery.** Each party shall serve its initial written discovery demands no later than December 15, 2014. The parties may serve (a) interrogatories limited to fifty Interrogatories, including subparts, (b) fifty separate requests for the production of documents, and (c) thirty-five requests for admissions. Responses to the written discovery shall be served in accordance with the time provided in the Rules of Court. The parties

may provide written discovery through the use of CD, DVD, or e-mail. Documents provided through electronic means shall be in PDF format.

2. **Discovery Disputes.** No discovery motion or motion for sanctions for failure to provide discovery shall be made without the parties first conferring in good faith and in an attempt to resolve any discovery disputes. Should informal efforts fail within 14 days of the occurrence of the dispute, the dispute shall be immediately brought to the court's attention by way of a formal motion.

3. **Fact Discovery Deadline.** Fact discovery is to remain open through June 26, 2015. Discovery should be produced on a rolling basis. All fact witness depositions must be completed by the close of fact discovery. No fact discovery is to be issued or engaged in beyond that date, expect upon application and for good cause shown.

4. **Depositions.** The number of depositions to be taken by each side, inclusive of Rule 4:14-2(c) depositions, shall not exceed ten.

5. **Experts.** The names and subject of expected testimony of all affirmative expert witnesses shall be delivered no later than 30 days before the end of fact discovery. The names and subject of expected rebuttal expert witnesses shall be delivered no later than 10 days after the due date for the affirmative expert report(s), provided such report(s) has been served. All affirmative expert reports must be produced by June 16, 2015. All rebuttal expert reports must be produced by July 31, 2015.

6. **Discovery End Date.** Discovery will conclude on August 29, 2015.

7. **Dispositive Motions.** Any dispositive motions shall be filed by September 25, 2015.

Honorable Anthony M. Massi,, J.S.C.

The undersigned hereby consent to the entry of the within Order:

Robert Kenny, Esq., *Pro Se* Plaintiff
145 Shrewsbury Court
Pennington, New Jersey 08534-5415

Steven Gerber, Esq.
Mary Pat Gallagher, Esq.
Gonzalez Saggio & Harlan LLP
155 Willowbrook Boulevard
Wayne, New Jersey 07470
Attorneys for Defendants, Susan Denbo and Rider University

# EXHIBIT "B"

A True Copy
SUE REGAN
Deputy Clerk of Superior Court

CLERK OF SUPERIOR COURT
SUPERIOR COURT OF N.J.
MERCER COUNTY
RECEIVED AND FILED
JUN 18 2015
Sue Regan
SUE REGAN
DEPUTY CLERK OF SUPERIOR COURT

**GONZALEZ SAGGIO & HARLAN LLP**
Steven Gerber, Esq. – NJ Bar ID. 015911980
Mary Pat Gallagher, Esq. – NJ Bar ID. 021831992
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*
*Our File No: 8140.0016*

| | |
|---|---|
| ROBERT KENNY, *Plaintiff,* -vs.- SUSAN M. DENBO and RIDER UNIVERSITY, *Defendants.* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MERCER COUNTY DOCKET NO: MER-L-1641-12 Civil Action **ORDER** |

THIS MATTER having been opened to the Court on (a) Plaintiff Robert Kenny's ("Plaintiff") Motion for Partial Summary Judgment, dated April 15, 2015; (b) Plaintiff's Supplemental Motion for Partial Summary Judgment, and/or Summary Judgment and/or Suppression of Defendants' Pleadings Pursuant to R. 4:23-5, dated May 11, 2015 (c) Defendants Susan Denbo and Rider University's ("Defendants") Cross-Motion for a Protective Order, dated May 15, 2015; (d) Defendants' Motion to Compel Discovery, For Protective Order, To Extend Discovery and for Other Relief, dated May 12, 2015; and (e) Plaintiff's Cross-Motion to Compel Discovery, dated May 21, 2015 and the Court having considered each of the foregoing motions and the certification and exhibits thereto, and all opposing and reply papers that have been filed, together with oral argument, and for good cause shown;

IT IS on this 18 day of June, 2015, for the reasons set forth on the record on May 29, 2015, ORDERED as follows:

(1) Defendants' Motion to Compel Discovery, For Protective Order, To Extend Discovery and for Other Relief, dated May 12, 2015 is granted and in accordance therewith, the Court Orders as follows:

a. The Consent Case Management Order, filed December 29, 2014, is amended to extend fact discovery for a period of sixty days through and until MONDAY, August ~~29~~ 31, 2015.

b. Plaintiff shall execute all medical and employer release authorizations served by Defendants and serve upon Defendants the executed authorizations within five (5) days of the date hereof.

c. Within five (5) days of the date hereof, Plaintiff shall produce to Defendants his "letter to Jeffry Halpern regarding communications between James Katz and Plaintiff's then attorney, Steven Blader, Esq., dated July 9, 20014 re: voiding settlement agreement".

d. Plaintiff shall appear at his scheduled deposition on June 10, 2015.

e. Plaintiff shall cure all deficiencies identified by Defendants that were the subject of this motion, specifically, Plaintiff shall produce to Defendants with ten days (1) of the date hereof: (i) Suzette Drouillard's last known contact information inclusive of mailing address, email addresses and telephone numbers; (ii) a complete response to Document Request No. 31, specifically, production of any and all documents filed with Plaintiff's tax returns, *e.g.*, W-2s, 1099s, schedules, and, in the event that Plaintiff is unable to produce the documents, in whole or in part, Plaintiff shall execute and deliver to Defendants an IRS Tax Information Authorization so that Defendants can

obtain true and accurate copies of Plaintiff's filed tax returns; and, (iii) a full and complete response to Interrogatory No. 11 stating the factual basis for any denial of a given Request for Admission and identifying all documents and information that supported such denial and, also, to identify all persons and documents consulted in arriving at the denial.

f. Defendants shall not be required to produce documents sought by Plaintiff by way of Plaintiff's notices of deposition in lieu of subpoena if the documents sought were previously produced by Defendants in discovery.

(2) Defendants' Cross-Motion for a Protective Order, dated May 15, 2015, which sought an Order requiring Plaintiff to seek the Court's permission to file any future motions, is denied without prejudice.

(3) Plaintiff's Motion for Partial Summary Judgment, dated April 15, 2015 and Plaintiff's Supplemental Motion for Partial Summary Judgment, and/or Summary Judgment and/or Suppression of Defendants' Pleadings Pursuant to R. 4:23-5, dated May 11, 2015, are both denied without prejudice.

(4) Plaintiff's Motion to Compel is granted in part and denied in part as follows.

a. Plaintiff's motion to compel the depositions of Susan Denbo and Ira Sprotzer on June 1, 2015 is denied.

b. The depositions of Susan Denbo and Ira Sprotzer shall take place after Plaintiff's June 10, 2015 deposition.

c. Plaintiff's request for an Order requiring Defendants to "identify all communications in which Defendant Denbo has reviewed, commented, or complained about a colleague or another Rider university employee and

provide copies of any such written communications with the names of third parties redacted" is denied.

d. Within five (5) days hereof, Defendants shall provide a copy of an email from former Dean Larry Newman or his secretary to Plaintiff, *circa* January 31, 2012, which reportedly stated "just fact finding" in response to Plaintiff's "waterboarding" email, and if, after diligent efforts, no such email is located, the email no longer exists and/or as provided in Rule of Court 4:10-2(f) is not reasonably accessible because of undue burden or cost, Defendants shall provide Plaintiff with a certification to that effect.

e. Within five (5) days of the date hereof, Defendant Susan Denbo, by way of certification, shall identify all oral and written communications with anyone regarding the subject matter of the lawsuit. Additionally, Defendant Denbo shall certify that that there was no email communication from her to Professor Halpern that generated Professor Halpern's May 9, 2012 email to Professor Denbo. Defendant Denbo shall also certify that she has disclosed all written or oral communications that precipitated the email from Professor Halpern.

f. Within five (5) days of the date hereof, Defendants shall, in accordance with Rule of Court 4:10-2(b), provide discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

g. Plaintiff's request for an Order requiring Defendants to provide copies of all documents Plaintiff has requested in digital form, to the extent they exist in digital form, is denied.

h. Plaintiff's request that Defendant Rider University be compelled to state the reserve value recommended to it is denied.

IT IS FURTHER ORDERED that a conformed copy of the within Order shall be served on *Pro Se* Plaintiff Robert Kenny and all counsel of record within 10 days from the date of this Order.

Honorable William Anklowitz, J.S.C.

Each of the previously-referenced Motions/Cross-Motions were opposed.

# EXHIBIT "C"

COPY

FILED

SEP -1 2015

SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

**GONZALEZ SAGGIO & HARLAN LLP**
Steven Gerber, Esq. – NJ Bar ID. 015911980
Mary Pat Gallagher, Esq. – NJ Bar ID. 021831992
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*
*Our File No: 8140.0016*

| | |
|---|---|
| ROBERT KENNY,<br><br>*Plaintiff,*<br><br>-vs.-<br><br>SUSAN M. DENBO and RIDER UNIVERSITY,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO: MER-L-1641-12<br><br>Civil Action<br><br>**ORDER** |

THIS MATTER having been opened to the Court on (a) *Pro Se* Plaintiff Robert Kenny's ("Plaintiff") Motion to Admit Kevin Begley, Esq. as Plaintiff's Co-Counsel, dated July 22, 2015 and (b) Defendants Susan Denbo and Rider University's ("Defendants") Motion to Dismiss Plaintiff's Complaint Without Prejudice Pursuant to Rules 4:23-4 and 4:23-5(a)(1), dated July 22, 2015, and the Court having considered each of the foregoing motions and the certification and exhibits thereto, and all opposing and reply papers that have been filed, together with oral argument, and for good cause shown;

IT IS on this 1 day of ~~August~~ Sept, 2015, for the reasons set forth on the record on August 14, 2015, ORDERED as follows:

(1) Defendants' Motion to Dismiss Plaintiff's Complaint Without Prejudice Pursuant to Rules 4:23-4 and 4:23-5(a)(1) is denied.

(2) Plaintiff is compelled to appear at the continuation of his deposition, which deposition shall commence at 10:00 a.m. and conclude at 4:00 p.m. unless the parties otherwise agree to continue past 4:00 p.m. In the event additional time is required to complete Plaintiff's deposition, the deposition shall continue from day-to-day until so completed.

(3) Plaintiff's Motion to Admit Kevin Begley, Esq. as Plaintiff's Co-Counsel is denied and in accordance therewith, Kevin Begley, Esq. is barred from participating in this litigation although he may continue to advise Mr. Kenny in accordance with the Rules of Court.

(4) The Discovery End Date is extended until October 30, 2015.

IT IS FURTHER ORDERED that a conformed copy of the within Order shall be served on *Pro Se* Plaintiff Robert Kenny within 10 days from the date of this Order.

Honorable William Anklowitz, J.S.C.

Each of the previously-referenced Motions was opposed.

# EXHIBIT "D"

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, CIVIL PART
MERCER COUNTY, NEW JERSEY
DOCKET NO. MER-L-1641-12
A.D. #________________

ROBERT KENNY,

Plaintiff,

v.

SUSAN M. DENBO and
RIDER UNIVERSITY,

Defendants.

TRANSCRIPT

OF

MOTION AND DECISION

Place: Mercer County Courthouse
175 South Broad Street
Trenton, NJ 08650

Date: January 22, 2016

BEFORE:

THE HON. JANETTA D. MARBERY, J.S.C.

TRANSCRIPT ORDERED BY:

JAMES KATZ, ESQ. (Spear Wilderman, P.C.)

APPEARANCES:

ROBERT KENNY, Plaintiff, Pro Se

MARY PAT GALLAGHER, ESQ. (Gonzalez Saggio & Harlan)
Attorney for the Defendants

Transcriber, Tammy DeRisi
**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, NJ 08619**
**(609) 586-2311**
**FAX NO. (609) 587-3599**
**E-mail: jjcourt@jjcourt.com**
**Website: www.jjcourt.com**

Audio Recorded
Audio Operator, Dana Edwards

I N D E X

| | PAGE |
|---|---|
| **DECISION** | |
| By the Court | 3 |
| **ARGUMENT** | |
| By Mr. Kenny | 12 |
| By Ms. Gallagher | 13 |
| **DECISION** | |
| By the Court | 15 |



THE COURT: All right. This is Kenny versus Denbo under Mercer 1641-12, opinion of the Court regarding filing of third party complaint.

Statement of facts. On June 14th, 2012 Professor Robert Kenny, then a practicing lawyer and adjunct professor at Rider University, the AAUP and the university entered into a memorandum of settlement at the arbitration hearing over the union's grievance. On July 2nd, 2012 plaintiff filed a three-count complaint against Rider and Professor Denbo alleging libel, libel per se, invasion of privacy (intrusion upon solitude of another), and false -- strike that. And false invasion of privacy? Let's go off record for a minute.

(Off the record)

THE COURT: Starting on July 2nd, 2012. All right?

COURT CLERK: Yes.

THE COURT: On July 2nd, 2012 plaintiff filed a three-count complaint against Rider and Professor Susan M. Denbo alleging libel and libel per se, invasion of privacy (intrusion upon solitude of another), and "false invasion of privacy."

Defendants filed a motion to dismiss plaintiff's complaint for failure to state a claim on August 7th, 2012. Thereafter on August 30th, 2012

going to deny it anyway, so it's withdrawn.

All right. As to the second application, first I'm apologizing that it took so long for me to put the reason on the record for the other thing. I thought I had done it for October, and they said it started and just stopped, so I may have been reading it and it just stopped. But I think it is appropriate, given Judge Anklowitz's prior argument that, Mr. Kenny, that you controlled your litigation, that you be more circumvent as to what you filed. Now, you do have another -- I have granted your amended complaint to include the union, but that doesn't mean you can start all over with these -- these -- this group. If it's for the union you need to get information, I understand if they don't -- but don't start all over with the interrogatories you've done with this group because we've decided that there has been sufficient answers to interrogatories and your motion to -- your motion to suppress the answer for failure to supply answers to interrogatories is thereby gone. All right?

I just wanted to put that on the record because he does have discovery now with the union, but I don't want you to start with everyone else because I did grant his application to amend his complaint to include the union because he believes, and there's an



argument that he can say based upon everything I've read that he was not properly represented by the union. I don't know. I'm not making that determination. But he -- he has to make his application.

MS. GALLAGHER: Your Honor, may I ask a question?

THE COURT: Yes.

MS. GALLAGHER: The motion to amend also included an individual professor, Ira Sprotzer, and your clerk was not certain as to whether the motion to amend that was granted was inclusive of both the union and Professor Sprotzer. Do you have any recollection?

THE COURT: I think it was just the union.

MS. GALLAGHER: Okay. Thank you.

THE COURT: I think it was just -- I don't think it -- it was the --

MR. KENNY: Your Honor?

THE COURT: -- is that the gentleman that represented the union for you?

MR. KENNY: No. Your Honor, Professor Sprotzer is charged in the amended complaint with a fraudulent e-mail assessing -- asserting that I did not have permission. We did not have information which would implicitly prove that that was not true until we have the depositions from Dr. Sprotzer in June of this

# EXHIBIT "E"

COPY

FILED

SEP 2 8 2016

SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

**GERBER & PARTNERS LLP**
Steven Gerber, Esq. – NJ Bar ID. 015911980
Mary Pat Gallagher, Esq. – NJ Bar ID. 021831992
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*
*Our File No: 8140.0016*

ROBERT KENNY,

*Plaintiff,*

-vs.-

SUSAN M. DENBO, RIDER UNIVERSITY, and THE AMERICAN ASSOCATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS,

*Defendants.*

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MERCER COUNTY

DOCKET NO: MER-L-1641-12

Civil Action

**ORDER**

THIS MATTER having been opened to the Court on motion of Plaintiff *Pro Se* Robert Kenny ("Plaintiff") for the within Order, and the Court having considered the motion and the certification of counsel and exhibits thereto, and all opposing and reply papers that have been filed, together with such oral argument of counsel as may have been heard, and for good cause shown;

IT IS on this 28th day of September, 2016,

**ORDERED** that Plaintiff's motion to compel the continued depositions of Plaintiff and witness Dr. Jeffrey Halpern is granted subject to the following terms and conditions:

1. The parties shall mutually agree on a date, time and location for the continuation of Plaintiff's deposition, which deposition shall be completed no later than October 30, 2016;

2. The parties shall confer with witness Dr. Jeffrey Halpern and his attorney and mutually agree on a date, time and location for the continuation of Dr. Halpern's deposition, which deposition shall be completed no later than October 30, 2016.

3. With respect to the continued deposition of witness Halpern, questioning of Dr. Halpern is limited to the allegations in the Second Amended Complaint and questions related to Plaintiff's breach of the duty of representation claim, as alleged in the Third Amended Complaint, or any other matter not likely to lead to the discovery of admissible evidence, are barred.

4. ~~With respect to the continued deposition of witness Halpern, Plaintiff shall be responsible for payment of the court reporter's appearance fee.~~

5. Nothing contained herein shall be deemed to constitute an extension of the October 30, 2015 discovery end date as to Defendants Susan Denbo and Rider University.

**IT IS FURTHER ORDERED** that a conformed copy of the within Order shall be served on all counsel of record within 7 days from the date of this Order.

Honorable Janetta D. Marbrey, J.S.C.

This Motion was X opposed
___ unopposed

On this date, pursuant to R. 1:6-2
The courts statement of reasons
have been set forth on the record.

# EXHIBIT "F"

B

This Order was Prepared and Filed by the Court

| | |
|---|---|
| ROBERT KENNY,<br><br>Plaintiff,<br><br>vs.<br><br>SUSAN M. DENBO, RIDER UNIVERSITY, and THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br>DOCKET NO: L-1641-12<br><br>CIVIL ACTION<br><br>**ORDER** |

COPY

FILED

OCT 1 1 2016

THIS MATTER having been opened to the Court by Plaintiff's Motion to Compel Deposition, and good cause having been shown,

IT IS ON THIS 11th day of October, 2016,

**ORDERED** that Discovery in this matter is extended sixty (60) days until January 10, 2016; and

**IT IS FURTHER ORDERED** that a copy of this order shall be served on all parties within seven (7) days hereof.

HONORABLE JANETTA D. MARBREY, J.S.C.

# EXHIBIT “G”

| | |
|---|---|
| ROBERT KENNY,<br><br>*Plaintiff,*<br><br>-vs.-<br><br>SUSAN M. DENBO, RIDER UNIVERSITY, and THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY<br><br>DOCKET NO.: MER-L-1641-12<br><br>Civil Action<br><br>ORDER |

By consent of the parties it is on 14th October , 2016 HEREBY ORDERED THAT:

1. all claims herein by the Plaintiff Robert Kenny against Defendant The American Association of University Professors Collective Bargaining Congress are voluntarily dismissed with prejudice pursuant to *R.* 4:37-1;
2. Pursuant to *R.* 4:9-1 Plaintiff's Fourth Amended Complaint presented to the Court on September 28, 2016 may be filed.

IT IS FURTHER ORDERED that a conformed copy of the within order be served on all counsel of record within days of the date of this order.

DATE 10/14/16

Honorable Janetta D. Marbrey, J.S.C.

This motion was Unopposed

Having reviewed the above motion, I find it to be meritorious on its face and is unopposed. Pursuant to R. 1:6-2 it therefore will be granted essentially for the reasons set forth in the moving papers.

# EXHIBIT “H”

LAW OFFICES
MARKOWITZ & RICHMAN
123 SOUTH BROAD STREET
SUITE 2020
PHILADELPHIA, PENNSYLVANIA 19109
(215) 875-3100
FAX (215) 790-0668
WWW.MARKOWITZANDRICHMAN.COM

RICHARD H. MARKOWITZ *
STEPHEN C. RICHMAN *
QUINTES D. TAGLIOLI
JONATHAN WALTERS +*
THOMAS H. KOHN ***
MATTHEW D. AREMAN +
R. MATTHEW PETTIGREW, JR. **
PETER H. DEMKOVITZ +
DANIEL E. TAGLIOLI +
MARK KALTENBACH +

OF COUNSEL
PAULA R. MARKOWITZ
RICHARD KIRSCHNER *
M. KAY GARTRELL *

* ALSO ADMITTED IN NEW YORK AND DISTRICT OF COLUMBIA
+ ALSO ADMITTED IN NEW JERSEY
+* ALSO ADMITTED IN DISTRICT OF COLUMBIA
** ALSO ADMITTED IN NEW JERSEY AND NEW YORK
*** ALSO ADMITTED IN VIRGINIA AND DISTRICT OF COLUMBIA
* ALSO ADMITTED IN DISTRICT OF COLUMBIA AND NORTH CAROLINA

ALLENTOWN OFFICE
PARKVIEW EAST BUILDING
SECOND FLOOR
121 NORTH CEDAR CREST BOULEVARD
ALLENTOWN, PA 18104
(610) 820-9531

NEW JERSEY OFFICE
24 WILKINS AVENUE
HADDONFIELD, NJ 08033
(856) 616-2930

NEW YORK OFFICE
271 MADISON AVENUE
12TH FLOOR
NEW YORK, NY 10016
(212) 486-2500

215-875-3128

October 21, 2016

<u>**VIA FACSIMILE AND FIRST-CLASS MAIL**</u>
The Honorable Janetta D. Marbrey, J.S.C.
Mercer County Civil Courthouse
175 S. Broad Street
Trenton, NJ 08650
Fax: (609) 571-4808

File No: 2-MA-5

**RE: Kenny v. Denbo, *et al.***
**Mercer County Superior Court Dkt. No. MER-L-1641-12**

Dear Judge Marbrey:

Please be advised that the undersigned has been retained to represent the Rider University Chapter of the American Association of University Professors ("Rider Chapter") in the above-referenced litigation.

It is my understanding that, while my client has not yet been served with any papers, a Fourth Amended Complaint has been filed by Mr. Kenny in this matter which specifically names my client as a party defendant for the first time in this litigation. It is also my understanding that there exists a September 28, 2016 discovery Order which requires the continuation, on or before October 30, 2016, of the deposition of plaintiff and the limited in scope deposition of (at the time) fact witness Dr. Jeffrey Halpern, an official of the Rider Chapter. Finally, I am aware of a October 11, 2016 Order, extending discovery until January 10, 2017[1], presumably issued in accordance with R. 4:24-1 in response to the filing of the Fourth Amended Complaint.

In light of the foregoing, in an effort to conserve resources and minimize costs, and in order to provide me some additional time to become familiar with the history of this litigation, I respectfully request that the Court modify/rescind the September 28, 2016 discovery Order in favor of the new discovery schedule set forth in the Court's October 11, 2016 Order.

[1] The Order contains a typo, indicating that discovery is extended until January 10, 2016 instead of 2017.

I submit that such a modification of the discovery schedule is in keeping with the spirit of R. 4:24-1. Further, the extension of discovery will make it unnecessary to limit the scope of Dr. Halpern's deposition since I anticipate that he will, by virtue of the Fourth Amended Complaint, participate as a party representative rather than a fact witness, thus avoiding the inevitable need for his piecemeal, multiple day deposition.

Kindly note that I have conferred with Mr. Kenny, plaintiff *pro se*, and Ms. Gallagher, counsel to defendants Denbo and Rider University, and neither objects to this request.

Thank you for your consideration of this request. A proposed form of Order is attached.

Respectfully Submitted,

MATTHEW D. AREMAN

MDA:cat

Enclosures

cc (via electronic mail only):

Mr. Robert Kenny (taxdefender@lawyer.com)
Ms. Mary Pat Gallagher (mpgallagher@gerberpartners.com)

# EXHIBIT "I"

| | |
|---|---|
| ROBERT KENNY,<br><br>Plaintiff<br><br>v.<br><br>DENBO, *et al.*<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>Docket No: L-1641-12<br><br>Civil Action<br><br>**ORDER** |

COPY

FILED
OCT 2 2016

IT IS ON THIS 25th day of October 2016,

**ORDERED** that the September 28, 2016 discovery Order in this litigation has been rescinded and modified as follows:

Pursuant to this Court's Order of October 11, 2016, discovery in this matter, including but not limited to the depositions of plaintiff and Dr. Halpern is extended sixty (60) days until January 10, 2017; and it is further

**ORDERED** that a copy of this Order shall be served on counsel of record within seven (7) days of receipt.

HONORABLE JANETTA D. MARBREY, J.S.C.

Dated: 10/25/16