**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Robert Kenny,**
**145 Shrewsbury Court**
**Pennington, New Jersey 08534-5415**
**Facsimile: (609) 964-1948**
**taxdefender@lawyer.com**
**Plaintiff *Pro Se***

**ROBERT KENNY,**

**Plaintiff,**

**-vs. -**

**SUSAN M. DENBO, RIDER UNIVERSITY and THE RIDER CHAPTER OF THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,**
**Defendants.**

**CIVIL ACTION NO.168578 (AET/LHG)**

**MOTION RETURNABLE JANUARY 3, 2017 AT 9:00 AM**

**PRO SE BRIEF OPPOSING RIDER DEFENDANTS' CROSS-MOTION TO SUPPRESS INTERROGATORIES**

Please accept this pro se brief in lieu of a more formal memorandum of law in reply to the Rider Defendants' (i.e. Rider and Denbo's) Cross Motion for an order to suppress Pro Se Plaintiff's Second Interrogatories addressed to Defendant Denbo. As to the other part of the requested order, I concede that the depositions should be stayed until after the AAUP Rider Chapter's motion to dismiss is adjudicated. However, because the Rider Defendants have delayed them multiple

times, I respectfully request the Court set a date certain by which they must be held.

## PROCEDURAL HISTORY

One glaring omission from the Rider Defendants' recitation of the procedural history is their failed motion to quash the subpoena addressed to former Rider employee Shaun Holland last August 15, (2016). They based their motion, among other things, on their interpretation of the same bench comment they rest on now. (Ex. A, p.2, ¶8).[1] Their motion, however, was denied. (Ex. B) after being fully briefed and argued.

They also raised the issue that the discovery deadline had not been extended. It has since been extended without restriction on discovery from the Rider Defendants. Hence their present interpretation of an absolute bar on any discovery has been raised and denied in the local court before.

## EQUITABLE CONSIDERATIONS

Importantly, *Pro Se* Plaintiff's Second Interrogatories (Ex. C, last interrog.) seek to resolve a conflict in the record created by Defendant Denbo's own sworn documents. Her December 12, 2014 answers to interrogatories disclosed no

---

[1] "I have granted your amended complaint to include the union, but that doesn't mean you can start all over … with this group" …don't start all over with the interrogatories you've done with this group because we've decided there has been sufficient answers …" (Underlined language omitted by Rider Defendants). Read in context with the omitted language, the local trial judge was merely admonishing Plaintiff to bring no more motions to compel answers to the past interrogatories.

deleted emails. Yet six months later, she casually mentions in a June 11, 2015 certification that she destroyed some other emails. My efforts to force disclosure of whom she corresponded with and to obtain copies from alternative sources were ineffectual prior to the October 30, 2015 original deadline. Now the deadline has been extended. It serves no purpose to conceal the missing emails from a trier of fact.

Moreover, even if the bench comment had been incorporated into the local court's order, this is not "going over" old matter; this is new matter that could not have been raised until late in the discovery period post-June 11, 2015.

Please consider also that Defendant Denbo and/or her counsel have a history of not disclosing emails. The First Amended Complaint filed all the way back in July of 2012 alleged on information and belief that there were undisclosed documents relating to the grievance because there was an apparent gap in the documents (See Fourth Amended Complaint presently before the Court ¶98).

At a motion hearing on October 26, 2012 the Rider Defendants' counsel vehemently denied for some 30 minutes that there were any undisclosed emails (highlighted portions Ex. D). Not satisfied with counsel's and the University's insistence that no undisclosed emails existed, the trial judge demanded a certification directly from Defendant Denbo. Only then did Defendant Denbo certify that there were indeed three emails that had not been disclosed in the

grievance or even in the trial court to that point (Ex., p.3 ¶7). Coincidentally or not, three of them contradicted Defendants' story and damaged their case (Fourth Amended Complaint, ¶¶85-89). Three years later, on June 11, 2015 she again certified that there are still more emails she destroyed and has not disclosed.

Defendants' motion to suppress serves only to obstruct the truth and for that reason should be denied.

Respectfully submitted,

s/ Robert Kenny

Robert Kenny, Plaintiff Pro *Se*