**GERBER & PARTNERS LLP**
Steven Gerber, Esq. – NJ Bar ID. 015911980
Mary Pat Gallagher, Esq. – NJ Bar ID. 021831992
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
(973) 256-9000
*Attorneys for Defendants, Susan M. Denbo and Rider University*
*Our File No: 8140.0016*

| | |
|---|---|
| ROBERT KENNY, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MERCER COUNTY |
| *Plaintiff,* | DOCKET NO: MER-L-1641-12 |
| -vs.- | Civil Action |
| SUSAN M. DENBO, RIDER UNIVERSITY, and THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS COLLECTIVE BARGAINING CONGRESS,<br><br>*Defendants.* | **CERTIFICATION OF COUNSEL IN SUPPORT OF DEFENDANTS RIDER UNIVERSITY AND SUSAN M. DENBO'S MOTION TO QUASH SUBPOENA** |

STEVEN GERBER, of full age, hereby certifies as follows:

1. I am an attorney at law of the State of New Jersey and a partner in the law firm of Gerber & Partners LLP, attorneys for defendants Rider University and Susan M. Denbo (hereinafter the "Moving Defendants") in the above captioned matter. As such, I am familiar with the facts and circumstances stated herein.

2. This certification is submitted in support of the Moving Defendants' motion for an order quashing the deposition directed to non-party of Shaun J. Holland by Plaintiff Pro Se.

3. Annexed hereto as Exhibit "A" is a true copy of a subpoena to "Shaun J. Holland", pursuant to which Plaintiff *pro se* ("Plaintiff") seeks Mr. Holland's deposition and, "All communications and documents related to guest access on blackboard and/or related to the

suspension of plaintiff and/or related to the above-captioned." The subpoena was returnable on August 22, 2016.

4. The Discovery in this matter closed on October 30, 2015.

5. Plaintiff's service of the subpoena is well past the close of discovery. The identity of Mr. Holland and his relationship to the facts, if any, was known to Plaintiff even at the time he first filed this action. And indeed Mr. Holland is identified by name in both Plaintiff's Original, First and Second Amended Complaint. Original Complaint, ¶38, dated July 2, 2012 (name in quoted email); First Amended Complaint., ¶44, dated August 27, 2012, Second Amended Complaint., ¶38, ¶50; dated October 14, 2014.

6. Plaintiff even extensively questioned Dr. Denbo at her June 12, 2015 deposition about communications with Mr. Holland. See Exhibit "B" attached hereto, pp. 72, 73, 76, 78, 81, 83 and 857.

7. Subsequent to the receipt on Wednesday, August 17, 2016 of the subpoena, the undersigned wrote to Plaintiff, demanding that he withdraw the subpoena, in order to obviate the need for this motion to quash. A copy of that letter is annexed as Exhibit C. To date, no response has been received from Plaintiff.

8. Plaintiff was permitted to file a Third Amended Complaint joining a new party. R. 4:24(b) provides that if a new party is joined, the scheduled discovery end date shall be extended for a 60-day period, unless reduced or enlarged by the court for good cause shown. However, in granting Plaintiff's motion to file a Third Amended Complaint, the Honorable Janetta D. Marbrey, J.S.C., referring to defendants Rider University and Professor Denbo, stated: ". . . I have granted your amended complaint to include the union, but that does mean you can start all over with these – these – this group . . . ." A copy of the transcript of decision, dated

January 22, 2016, is attached hereto as Exhibit D hereto (pp. 16-17). As previously stated, the subpoena to Shaun Holland seeks "All communications and documents related to guest access on blackboard and/or related to the suspension of plaintiff and/or related to the above-captioned." Clearly, the subpoena is an effort to obtain additional discovery in support of Plaintiff's claims against Rider University and Professor Denbo and has no bearing on Plaintiff's claims against the newly added party some ten months after the October 30, 2015 discovery end date and seven months after Judge Marbrey advised Plaintiff against using the filing of the Third Amended Complaint as a vehicle to reopen discovery against Rider University and Professor Denbo.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Steven Gerber

Dated: August 29, 2016