NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT KENNY,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN M. DENBO, RIDER UNIVERSITY, and THE RIDER UNIVERSITY CHAPTER OF THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br>Defendants. | Civ. No. 16-8578<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion of Plaintiff Robert Kenny ("Plaintiff") to remand his case to the Superior Court of New Jersey, Law Division, Mercer County, and to compel discovery. (ECF No. 6). Defendant Rider University Chapter of the American Association of University Professors ("Rider Chapter") opposes. (ECF No. 11). Defendants Susan M. Denbo ("Denbo") and Rider University ("University") cross-move for a stay of discovery (ECF No. 12) pending disposition of the pending motion to dismiss (ECF No. 8). The cross-motion for a stay of discovery is supported by Rider Chapter (ECF No. 13) and opposed by Plaintiff (ECF No. 14). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's motion to remand will be denied, Plaintiff's motion to compel discovery will be granted, and Defendants' cross-motion to stay discovery will be denied.

**BACKGROUND**

This is an action for common law libel and fraud by Denbo and the University, breach of contract by the University, and denial of fair representation by the Rider Chapter in violation of the Labor Management Relations Act (29 U.S.C. § 185).  (Compl. ¶¶ 115–134, ECF No. 1-1). Plaintiff's four claims and relevant factual allegations are as follows: Plaintiff was an adjunct professor at Rider University who was teaching a course for the first time.  As was typical when he was teaching a course for the first time, the Department Chair provided a syllabus to Plaintiff to use as a basis for his own course syllabus.  The model syllabus was created by Defendant Denbo and had Denbo's name on it.  Plaintiff provided his students with that syllabus, with a few alterations, and noted to them that it was Denbo's syllabus and that his course would deviate from it somewhat.  Plaintiff had also uploaded Denbo's materials—which were available to the entire Rider community—onto his course site; however, the materials were not yet released to his students.  Defendant Denbo then falsely accused him of unauthorized access and use of her student resources and syllabus and sought to have him fired from Rider University for "*extreme unethical behavior.*"  (*Id.* ¶ 45, emphasis in the original).  As a result, a grievance was filed against him.  Plaintiff alleges that Denbo's libelous statements caused injury to his professional reputation, mental anguish, and the loss of adjunct professor position at Rider University.  (*Id.* at ¶ 115).

Plaintiff then entered into settlement negotiations regarding the grievance.  During the settlement negotiations for the grievance, Denbo affirmatively misrepresented the facts and the University concealed emails and other documents that were available to it and which it was required to disclose, which caused Plaintiff to accede to a settlement agreement that he would not have agreed to had those facts been known.  (*Id.* at ¶¶ 119–121).  The University then

communicated to unemployment authorities that Plaintiff was suspended for misconduct, even though the settlement agreement provided for no admission of wrongdoing on Plaintiff's part. (*Id.* at ¶¶ 122–123).  This caused Plaintiff to lose unemployment benefits.

Additionally, during the entire grievance process, the Rider Chapter failed to provide good faith representation of Plaintiff in violation of § 301 of the Labor Management Relations Act (29 U.S.C. § 185).  (*Id.* at ¶¶ 124–134).  Specifically, the union lawyer failed to inform Plaintiff that he represented the union, not Plaintiff, and that the union had a conflict of interest in the case because both Plaintiff and Defendant Denbo were members of the union.  (*Id.* ¶¶ 80–82).  Furthermore, the union lawyer failed to get a written waiver of the conflict in accordance with the Rules of Professional Conduct.  (*Id.* ¶ 83).  Lastly, the union lawyer failed to challenge the truth of the charges or seek discovery and admission of relevant evidence and witnesses, which would have shown Plaintiff innocent of wrongdoing; rather, the union lawyer only challenged the level of discipline imposed.  (*Id.* ¶¶ 78–93).

Based on these facts, Plaintiff has brought a four-count complaint:  Count I for Libel by Denbo and the University; Count II for Fraud and Equitable Fraud by Denbo and the University; Count III for Breach of Contract by the University; and Count IV for Denial of Fair Representation by the union, Rider Chapter.  (*Id.* ¶¶ 115-134).  Count IV against the Rider Chapter is a new count added in this Fourth Amended Complaint.  (Notice of Removal, ECF No. 1).

Defendant Rider Chapter removed this action to federal court on November 17, 2016. (ECF No. 1).  Plaintiff moved to remand the action on November 23, 2016, and additionally moved to compel discovery.  (ECF No. 6).  Defendants Denbo and Rider University cross-moved for a stay of discovery (ECF No. 12).  These motions are presently before the Court.

## DISCUSSION

I. **Motion to Remand**

    A. **Legal Standard**

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a). However, the federal court to which the action is removed must have subject matter jurisdiction. *Id.* Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331, 1441(c)(1)(A). "A case arises under federal law within the meaning of § 1331… if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (internal quotations omitted). Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332, 1441(b). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Federal courts must "scrupulously confine their own jurisdiction to the precise limits" of § 1441 to give "[d]ue regard [to] the rightful independence of state governments." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Thus, the removal statute is strictly construed against removal and all

doubts are to be resolved in favor of remand. *Entrekin v. Fisher Scientific, Inc.,* 146 F. Supp. 2d 594, 604 (3d Cir. 2001).

Under 28 U.S.C. § 1367, where the court has original jurisdiction over an action, the court may exercise supplemental jurisdiction over additional claims stemming from the same case or controversy if considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

### B. Analysis

In this case, Defendant Rider Chapter alleges that this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Fourth Amended Complaint Count IV was brought pursuant to § 301 of the Labor Management Relations Act (29 U.S.C. § 185), a federal law. (Notice of Removal ¶¶ 5, 6, ECF No. 1).

Plaintiff argues that removal based on Count IV should be denied based on "inconvenient forum principles." (Pl.'s Br. at 2, ECF No 6).

The Court finds that the Complaint, on its face, alleges that Rider Chapter's conduct violated federal law 29 U.S.C. § 185. (Compl. Count IV, ECF No. 1-1). Thus, this Court properly has jurisdiction over Rider Chapter and the cause of action in Count IV.

However, where the court lacks subject matter jurisdiction, it may dismiss or remand *sua sponte*. 28 U.S.C. § 1447(c). A court has supplemental jurisdiction over additional claims stemming from the same case or controversy if considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). In this case, Count IV is not simply an additional cause of action against the same defendants for the same conduct. Counts I-III are for

distinct grievances against distinct defendants. Thus, it is not immediately clear that the other claims arise out of the same case or controversy as Count IV such that the Court may exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. However, the discovery relevant to Count IV, likely overlaps significantly with the discovery relevant to Counts I-III against Denbo and the University. Thus, considerations of judicial economy, convenience, and fairness to the parties dictate that the Court may properly exercise supplemental jurisdiction over those claims.

Regarding Plaintiff's inconvenient forum argument, *forum non conveniens* is a basis for a defendant to move for dismissal of an action, not for a plaintiff to challenge removal of an action. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). It is a more aggressive step than a motion to transfer venue; it is not an alternative to a motion to remand. *See All States Freight v. Modarelli*, 196 F.2d 1010, 1011 (3d Cir. 1952). *Forum non conveniens* grants relief to a defendant "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to the plaintiff's convenience." *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 294–95 (3d Cir. 2010) (quoting *Piper Aircraft*, 454 U.S. at 241). In this case, where the federal forum is in the same county as the state forum, the party seeking to invoke *forum non conveniens* will not be oppressed or vexed by being required to appear and produce evidence in the federal court rather than the state court. Thus, this argument fails.

Accordingly, Plaintiff's motion to remand will be denied.

### II. Motion to Compel Discovery

Plaintiff also moves to compel discovery and enforce the state court's discovery order. (Pl.'s Br. at 3, ECF No. 6). Defendants Denbo and University oppose and cross move for a stay

of discovery pending a decision on the motion to dismiss (ECF No. 12), which Rider Chapter joins (ECF No. 13).

The pending motion to dismiss only pertains to the claims against Rider Chapter. Thus, there is no reason to grant a stay of discovery and the Court will grant Plaintiff's motion to compel discovery and deny Defendants' cross-motion to stay discovery.

## **CONCLUSION**

For the reasons above, Plaintiff's motion to remand will be denied, Plaintiff's motion to compel discovery will be granted, and Defendants Denbo and University's cross-motion to stay discovery pending disposition of the motion to dismiss will be denied. A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** *1/5/17*