NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KENNY,<br><br>                Plaintiff,<br><br>    v.<br><br>SUSAN M. DENBO, RIDER UNIVERSITY, and THE RIDER UNIVERSITY CHAPTER OF THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br>                Defendants. | Civ. No. 16-8578<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter comes before the Court upon the motion by Defendant Rider University Chapter of the American Association of University Professors ("Defendant" or "Rider Chapter") to dismiss Count IV of the Fourth Amended Complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 8). Plaintiff Robert Kenny ("Plaintiff") opposes. (ECF No. 17). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion to dismiss will be denied.

## BACKGROUND

      This is an action for denial of fair representation by Rider Chapter in violation of the Labor Management Relations Act (29 U.S.C. § 185). (Fourth Am. Compl. ¶¶ 115–134, ECF No. 1-1). Plaintiff's other claims pertain to the alleged wrongdoing of other defendants and improper denial of unemployment compensation. Plaintiff's relevant factual allegations are as follows: Plaintiff was an adjunct professor at Rider University who was teaching a course for the first

1

time. As was typical when he was teaching a course for the first time, the Department Chair provided a syllabus to Plaintiff to use as a basis for his own course syllabus. The model syllabus was created by Defendant Susan M. Denbo ("Denbo") and had Denbo's name on it. Denbo had also placed the syllabus and her course materials on the university's online course administration system, such that any member of the university community could view the materials. (*Id.* ¶¶ 17, 59). Plaintiff provided his students with that syllabus, with a few alterations, and noted to them that it was Denbo's syllabus and that his course would deviate from it somewhat. Defendant Denbo then falsely accused him of unauthorized access and use of her syllabus and course resources and sought to have him fired from Rider University for "*extreme* unethical behavior." (*Id.* ¶ 45, emphasis in the original). As a result, Plaintiff faced disciplinary action. (*Id.* ¶ 68).

Plaintiff reached out to Rider Chapter, his union, and "was told that the Union Local would defend him against the claims and punishment." (*Id.* at 72). Rider Chapter grieved only the "level of discipline" imposed on Plaintiff, not his innocence of wrongdoing or improper action by the University, and did not pursue discovery and admission of relevant evidence and witnesses after first rebuffed. (*Id.* ¶¶ 73, 75, 84–93). The union lawyer failed to inform Plaintiff that he represented the union, not Plaintiff, and that the union had a conflict of interest in the case because both Plaintiff and Denbo were members of the union. (*Id.* ¶¶ 80–82). Furthermore, the union lawyer failed to get a written waiver of the conflict in accordance with the Rules of Professional Conduct. (*Id.* ¶ 83).

Specifically, Plaintiff alleged that Rider Chapter bowed to pressure from Denbo, a more senior union member (*id.* ¶¶ 76–82) and that Rider Chapter knew and deliberately did not disclose to Plaintiff that Denbo herself released the course materials that she accused Plaintiff of

sharing improperly, thus pressuring Plaintiff to sign a settlement that he could have contested (*id.* ¶¶ 107, 109).

At the grievance hearing, Rider Chapter "said they would not contest the discipline any longer and Plaintiff had no choice but to accept the settlement agreement." (*Id.* ¶ 96).

Based on these allegations, Plaintiff has brought a four-count complaint. Count IV against the Rider Chapter was added in substance in the Third Amended Complaint, filed on September 1, 2015. However, at that time, Plaintiff mistakenly listed the national union organization, rather than the specific Rider Chapter. Plaintiff amended the complaint to sue the Rider Chapter in his Fourth Amended Complaint filed on October 24, 2016. (Notice of Removal, ECF No. 1).

Defendant Rider Chapter removed this action to federal court on November 17, 2016. (ECF No. 1). Plaintiff moved to remand the action and was denied on January 5, 2017. (ECF No. 22). Rider Chapter moved to dismiss the claim against it (Count IV) for failure to state a claim (ECF No. 8). This motion is presently before the Court.

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*

3

*v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016).  However, the court may disregard any conclusory legal allegations.  *Fowler*, 578 F.3d at 203.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).  If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed.  *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

Rider Chapter presents three arguments in support of its motion to dismiss.  It argues first that the statute of limitations has expired and Plaintiff's claim is out of time.  Second, in the alternative, Rider Chapter argues that Plaintiff has failed to state a claim for breach of the duty of fair representation; all allegations are simply objections to strategy or possible negligence and do not rise to the level of breach of the duty of fair representation.  Lastly, if the prior arguments fail, Defendant argues that its conduct was not the but-for cause of Plaintiff's injury; rather, Defendants Denbo and University caused Plaintiff's injury by imposing discipline, effectively terminating employment, and refusing unemployment benefits and concealing evidence that Denbo herself released her course materials, not Plaintiff.  Rider Chapter argues that its failure to pursue that discovery was not the but-for cause of Plaintiff's injury.  The Court will address each argument in turn.

I. **Barred by Statute of Limitations**

The relevant claim is brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Claims under that section are subject to the statute of limitations delineated in the National Labor Relations Act ("NLRA") § 10(b), as amended, 29 U.S.C. § 160(b).  Parties

4

agree that the claim is subject to a six-month statute of limitations. The question, then, is when the statute of limitation began to run and whether it was tolled for any reason.

The Third Circuit has stated that the "six-month period commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (citing *Hersh v. Allen Products Co.,* 789 F.2d 230, 232 (3d Cir.1986)); *Miklavic v. USAir Inc.*, 21 F.3d 551, 556 (3d Cir. 1994). When an employee sued a union for breach of the duty of fair representation when the union refused to pursue a grievance or did not pursue a grievance as avidly as the plaintiff thought was appropriate, the Third Circuit has interpreted the plaintiff's "discovery" to mean "when the plaintiff receives notice that the union will proceed no further with the grievance… [or] when the futility of further union appeals became apparent or should have become apparent." *Vadino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (internal citations omitted). However, the Third Circuit has not addressed how the statute of limitations is tolled when the union or employer makes affirmative misrepresentations about the section 301 claim.

Rider Chapter argues that the statute of limitations began to run when it completed its representation of Plaintiff in June 2012 and Plaintiff knew he suffered the actual injury of suspension and alleged insufficient representation. (*See* Reply at 8–10, 5–6, ECF No. 24). Rider Chapter cites *Wellock* to argue that "the discovery rule only tolls a statute of limitations until a plaintiff becomes aware that she has suffered an 'actual injury,' regardless of whether she also knows that 'this injury constitutes a legal wrong.'" *Wellock v. Taylor Hosp., Inc.*, 2012 WL 4108928, at *2 (E.D. Pa. Sept. 19, 2012); *citing also Valdino v. A. Valey Engineers*, 903 F.2d 253, 260 (3d Cir. 1990).

However, none of these cases address allegations that the union purposefully concealed relevant evidence or actively thwarted the plaintiff's case, rather than simply did not pursue a grievance.

In the present case, Plaintiff contends that he did not know that Denbo herself released the materials until an undefined time after this event, and Plaintiff did not know and could not have discovered by reasonable inquiry that Rider Chapter concealed that fact from him until he discovered the emails on March 15, 2015. The thrust of Plaintiff's claim against Rider Chapter is that Rider Chapter breached its duty of fair representation by concealing its knowledge of exonerating evidence from Plaintiff, failing to pursue a claim of innocence on that basis, and encouraging Plaintiff to settle when Rider Chapter had evidence of his innocence. Prior to this revelation, Plaintiff did not have reason to believe Rider Chapter acted in breach of its duty, rather than simply negligently or ineffectively. Thus, it appears that the statute of limitations began to run on March 15, 2015. Plaintiff states that he filed a Third Amended Complaint on September 1, 2015, within six months of Plaintiff's becoming aware of the breach of duty. (Opp'n at 4, ECF No. 17). Defendant does not dispute this date or address it at all. Therefore, the Court will find that Plaintiff's Third Amended Complaint was filed within the statute of limitations.

However, Plaintiff mistakenly filed the claim in the Third Amended Complaint against the American Association of University Professors Collective Bargaining Congress rather than the Rider Chapter of the American Association of University Professors. Plaintiff amended his claim a fourth time on October 20, 2016 to bring the claim against Rider Chapter. (Fourth Am. Compl., ECF No. 1-1).

6

Fed. R. Civ. P. 15(c) allows an amended pleading to relate back to the date of the original pleading in certain circumstances in order to avoid the governing statute of limitations. Fed. R. Civ. P. 15(c) applies when one of the three following subsections is satisfied:

(A) the law that provides the applicable statute of limitations allows relation back;
(B) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied…

Fed. R. Civ. P. 15(c)(1). If the amendment falls under Rule 15(c)(1)(C), the new party brought in by the amendment must have been served the summons and complaint pursuant to Rule 4(m) and "received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

NLRA § 10(b) does not explicitly permit relation back. Thus, Fed. R. Civ. P. 15(c)(1)(A) does not apply. The claim stated in the Fourth Amended Complaint is identical to that described in the Third Amended Complaint, except that the defendant was mis-identified. Therefore, this amendment falls under Fed. R. Civ. P. 15(c)(1)(C), amendment changing the name of the party. The claim is the same; only the party is different. Therefore, as required by subsection (C), subsection (B) is satisfied. Rider Chapter was properly noticed and knew that the action would have been brought against it but for the mistake about which party should be sued, as evidenced by the fact that the union's lawyer, James Katz, Esq., represented Grievance Officer Halpern and Rider Chapter in response to the Third Amended Complaint. (Opp'n at 4, ECF No. 17). The requirements of Fed. R. Civ. P. 15(c)(1)(C) have been satisfied. Plaintiff's Fourth Amended Complaint relates back to the Third for the purposes of the statute of limitations and is not time barred.

**II. Failure to State a Claim for Breach of Duty of Fair Representation**

Second, Defendant claims that Plaintiff has failed to state a claim for breach of duty of fair representation, rather than negligence or simply disagreement about tactics or strategy.

Labor unions owe a duty of fair representation "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes*, 386 U.S. 171, 177 (1967); *see also Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953).

Plaintiff has alleged that Mr. Katz, the union lawyer who purportedly represented Plaintiff in the grievance process, knew that Denbo actually disclosed the materials that Plaintiff was disciplined for disclosing but still did not pursue that defense, did not inform Plaintiff of Denbo's actions, and encouraged Plaintiff to take a plea that he need not and would not have taken had he known of Denbo's disclosure. (Fourth Am. Compl. ¶¶ 109, 96, 80, 72–73, ECF No. 1-1). Plaintiff also claimed that Rider Chapter, Grievance Officer Halpern, and Mr. Katz declined to represent him avidly because it wanted to protect its relationship with Denbo, a more senior member of the faculty and of Rider Chapter, and withheld relevant communications between Rider Chapter and Denbo in order to protect its position. (Fourth Am. Compl. ¶ 76–82, ECF No. 1-1; Opp'n at 3, ECF No. 17, citing Ex. A, ECF No. 17-1). While the cited email is not the smoking gun that Plaintiff presents it as, construing uncertainties in favor of Plaintiff, Plaintiff has alleged facts sufficient to state a claim that Rider Chapter failed to serve his interests with complete good faith and honesty. Plaintiff does not allege mere negligence, as Defendant claims. (Mot. Dismiss at 10–13, ECF No. 8-1).

III. **Lack of Causation**

Third, Defendant claims that Plaintiff's injuries were not caused by Defendant's alleged breach of the duty of fair representation.  "The union's breach of duty must be found to have 'contributed to the erroneous outcome of the contractual proceedings.'"  *Deboles v. Trans World Airlines, Inc.*, 552 F.2d 1005, 1018 (3d Cir. 1977) (citing *Hines v. Anchor Motor Freight*, 424 U.S. 554, 568 (1976)).

Plaintiff's alleged injuries include harm to reputation, suspension and subsequent loss of adjunct position, and denial of unemployment benefits.  If Defendant breached its duty of fair representation by withholding knowledge of evidence of Plaintiff's innocence and declining to represent Plaintiff avidly because of pressure from Denbo, its breach could be a cause of Plaintiff's claimed injuries and losses.  Thus, Plaintiff has articulated sufficient facts for a plausible claim for relief.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss will be denied.  A corresponding order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** *1/24/17*