NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT KENNY,<br><br>           Plaintiff,<br><br>   v.<br><br>SUSAN M. DENBO, RIDER UNIVERSITY, and THE RIDER UNIVERSITY CHAPTER OF THE AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS,<br><br>           Defendants. | Civ. No. 16-8578<br><br>**OPINION** |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the motion by Plaintiff Robert Kenny ("Plaintiff") for reconsideration. (ECF Nos. 172, 173, 174, 178) Defendant Rider University Chapter of the American Association of University Professors ("Union") opposes. (ECF No. 179). The Court will decide this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, Plaintiff's Motion for Reconsideration will be denied.

**BACKGROUND**

    This case centers on allegations that Plaintiff plagiarized Defendant Susan Denbo's syllabus and related alleged defamation, an aborted arbitration, and settlement agreement. On May 15, 2017, the Court granted summary judgment to all Defendants and denied summary judgment to Plaintiff. (ECF No. 168, 169). Plaintiff moved for reconsideration of that decision on May 31, 2017. (ECF Nos. 172, 173, 174, 178). That motion is presently before the Court.

1

## DISCUSSION

Reconsideration is an extraordinary remedy that is granted "very sparingly." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity "to ask the Court to rethink what it has already thought through—rightly or wrongly." *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Nor is a motion for reconsideration an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Plaintiff has presented no intervening change in controlling law, new evidence not previously available, nor clear error of law. Reconsideration is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order will follow.

**Dated:** *6/13/17*                                */s/ Anne E. Thompson*
                                                                              ANNE E. THOMPSON, U.S.D.J.