NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED SEP 19 2017 AT 8:30 ___M WILLIAM T. WALSH CLERK

ROBERT KENNY,

    Plaintiff,

v.

SUSAN M. DENBO, RIDER
UNIVERSITY, and THE RIDER
UNIVERSITY CHAPTER OF THE
AMERICAN ASSOCIATION OF
UNIVERSITY PROFESSORS,

    Defendants.

Civ. No. 16-8578

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Plaintiff Robert Kenny ("Plaintiff") appealing the Clerk's Order for Costs. (ECF Nos. 188-1, 190.) Defendants Susan Denbo and Rider University Chapter of the American Association of University Professors (collectively "Defendants") oppose. (ECF No. 189). The Court will decide this matter based upon the written submissions and without oral argument pursuant to Local Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion to Appeal the Clerk's Order for Costs is denied.

**BACKGROUND**

This case centers on allegations that Plaintiff plagiarized Defendant Susan Denbo's syllabus and related alleged defamation, an aborted arbitration, and settlement agreement. On May 15, 2017, the Court granted summary judgment to both Defendants on all counts. (ECF Nos. 168, 169). Plaintiff moved for reconsideration of that decision on May 31, 2017. (ECF Nos. 172, 173, 174, 178). Defendants moved for taxation of costs, which Plaintiff opposed (ECF

1

Nos. 180, 184.) On June 13, 2017, the Court denied Plaintiff's motion for reconsideration (ECF No. 181), and on June 19, 2017 Plaintiff filed a now-pending notice of appeal in the Third Circuit. (ECF No. 183.) On August 15, 2017, the Clerk granted in part and denied in part Defendants' Motion for Taxation of Costs, awarding Defendants $5,146.60 (ECF No. 187). Plaintiff filed a Motion to Vacate the Clerk's Order for Costs on August 22, 2017. (ECF No. 188). Defendants opposed (ECF No. 189), and Plaintiff replied in turn (ECF No. 190).

## LEGAL STANDARD

Under Rule 54 the clerk of the court should allow the award of taxation fees to the prevailing party in a litigation. Fed. R. Civ. P. 54(d)(1). Local Rule 54.1(g)(7) provides specific guidelines for the clerk to follow. Despite the parameters in Local Rule 54.1, courts must adhere to additional costs provisions found in 28 U.S.C. § 1920. *Thabault v. Chait*, 2009 WL 69332, at *3 (D.N.J. Jan. 7, 2009). Section 1920 permits an award of costs for "fees for printed or electronically recorded transcripts necessarily obtained for use in [the] case." 18 U.S.C. § 1920(2). The phrase "necessarily obtained for use," *id.*, is broadly interpreted such that "the depositions appear reasonably necessary to the parties in light of the particular circumstances at the time they were taken," *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 326 (E.D. Pa. 2007); *Walker Digital, LLC v. Google, Inc.*, 2016 WL 1553974, at *4 (D. Del. Apr. 12, 2016) (applying practical view to determine whether depositions were necessary).

The losing party may appeal the clerk's award of costs by motion within seven days of the clerk's order, L. Civ. R. 54.1(h), at which point the district court reviews the clerk's award *de novo*. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000). The district court, however, must clearly articulate its rationale for denial or reduction, as doing so "is akin to a penalty." *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). There is a

2

"strong presumption" in favor of awarding costs to the prevailing party. *Id.* This presumption can be overcome if the losing party can demonstrate inequity. *Id.* Unlike the clerk's issuance of costs in the first instance, the district court has discretion to consider various equitable factors. *Thabault*, 2009 WL 69332, at \*3; (Clerk's Op., ECF No. 187 at n.1). These factors include: the prevailing party's unclean hands, bad faith, or dilatory tactics; the losing party's good faith and closeness of issues; disparity in wealth of the parties; and the losing party's inability to pay. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 462.

## DISCUSSION

### I. Governing Law

Plaintiff's Motion, as well as his opposition to Defendants' request for costs, argues that state law—which he believes to be a more favorable standard—should apply to the award of costs. (Pl.'s Mot. Appeal Costs at 3, ECF No. 188-1.) Plaintiff's argument lacks merit. "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 437 (1974). As the Clerk already noted in its opinion (ECF No. 187 at 3), federal law trumps state law for cost provisions, even where there is a conflict. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1223 (3d Cir. 1995). Simply because this action was removed from state court does not mean that the assessment of costs is based on state law. *See Garonzik v. Whitman Diner*, 910 F. Supp. 167, 169 (D.N.J. 1995).[1]

---

[1] Plaintiff relies on an improper reading of *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000), to advance his position that state law will apply to the removed action, and he attempts to distinguish later case law citing *Tompkins*. *Allison v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 4633177, at \*14–15 (E.D. Tex. Oct. 2, 2012). *Tompkins* does not support his argument because it applied state sanction rules to pleadings that were filed in state court before the case's removal. *Allison* notes this distinction and instead applies the *Granny Goose Foods* rule for issues after removal. 2012 WL 4633177, at \*6.

3

## II. Consideration of the Clerk's Award

Defendants' motions for summary judgment were granted on all counts and upheld upon reconsideration, making them the prevailing parties. (ECF Nos. 168, 169, 181, 182.) To overcome the presumption of costs in their favor, Plaintiff argues that (1) these particular depositions are not within the scope of Rule 54 of section 1920, and (2) Defendants' bad faith or dilatory conduct negates their entitlement to costs. (*See* Pl.'s Mot. Appeal Costs at 4–6.)

First, Plaintiff's primary argument is that the depositions were unnecessary because neither Defendants nor the Court directly cited these depositions in their motions or opinion. (*Id.* at 5–6; Pl.'s Mem. Reply to Defs.' Opp'n at 9–10, ECF No. 190.) Section 1920(2) extends to "taxation of costs for depositions used in deciding summary judgment motions," *In re Baby Food Antitrust Litig.*, 166 F.3d 112, 139 (3d Cir. 1999), or those "referred to in a dispositive summary judgment motion," *Pharm. Res., Inc. v. Roxane Labs, Inc.*, 2008 WL 2951173, at *3 (D.N.J. July 25, 2008). The depositions for which the clerk awarded costs were of key figures in the case—Plaintiff Robert Kenny himself and Jeffery Halpern, the grievance officer handling Plaintiff's case at Rider (ECF No. 187 at 9). The Court finds that depositions of such individuals were circumstantially necessary in developing this case, not simply "for the convenience of counsel or for investigatory or discovery purposes." *Pharm. Res.*, 2008 WL 2951173, at *4. Defendants attached these depositions to their prevailing motions for summary judgment, and contrary to Plaintiff's assertions, Defendants cited these depositions in their statements of material fact. (*See, e.g.*, Defs.' Statement of Material Facts ¶¶ 27–32, 92–93.) Finally, it is not for Plaintiff to say what the Court did or did not rely on in reaching its decision to grant summary judgment, or what may or may not have affected its determination. *See In re Baby*

*Food Antitrust Litig.*, 166 F.3d at 139. The Court considers all briefs, declarations, exhibits, and documents the parties have presented, even if not expressly cited in an opinion.

Second, Plaintiff argues that Defendants have unclean hands and were dilatory in taking depositions and in advancing their defense that the emails were merely opinion. (Pl.'s Mem. Reply to Defs.' Opp'n at 4–7.) Even accepting Plaintiff's assertion that Defendants unnecessarily delayed the taking of these depositions, the Court does not find Plaintiff met his burden with sufficient evidence to overturn the presumption in favor of costs for Defendants. Plaintiff does not allege any specific bad faith or dilatory tactics designed to prolong the litigation. *See, e.g., Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985) (citing Seventh Circuit for conduct that prolongs or needlessly brings litigation such as bringing extraneous witnesses, raising unnecessary issues, delaying in raising fatal objections or defenses to a case); *Marshak v. Treadwell*, 2010 WL 455406, at *4 (D.N.J. Feb. 4, 2010) (finding party's failure to timely petition for costs bad faith).

Plaintiff primarily argues that Defendants prolonged this litigation by allegedly waiting five years before claiming that the emails were not defamatory by reason of opinion—the basis of this Court's dismissal of the libel count. (ECF No. 168 at 8–10.) The Court disagrees with Plaintiff's assertion. Defendants' first-filed answer in state court on November 25, 2014, responding to Plaintiff's Second Amended Complaint, advances three affirmative defenses related to the libel claim. (ECF No. 67.) Defendants did not deny the existence and content of the allegedly defamatory emails (*id.* ¶¶ 33–35), and they raised defenses that the comments were fair, made without malice, in good faith and with honesty, and lack defamatory meaning. (ECF No. 67 (Seventeenth, Eighteenth, and Twentieth Affirmative Defenses).) Although not directly addressing opinion, these defenses adequately put Plaintiff on notice three years ago that

Defendants might challenge the libel claim based on the language of the emails and whether they met the defamation standard. Therefore, Plaintiff's delay argument is meritless.

The rest of Plaintiff's inequity argument rests on the same claims forming the foundation of this case. He argues that his suit "is not vexatious," (*id.* at 10–11) and that he "was wrongfully accused of using Defendant Denbo's syllabus without her permission" (Pl.'s Mem. Reply to Defs.' Opp'n at 10). This argument does not go to the cost equity analysis; it goes to the merits of the case which were already discussed and discharged by this Court. *See N.w. Mut. Life Ins. Co. v. Babayan*, 253 F. App'x 205, 207 (3d Cir. 2007) (finding losing party's bad faith argument lacked merit because it was a substantive claim that the court already decided and not to be revisited at this stage). These substantive arguments should be left to Plaintiff's appeal. *Id.* Finally, this case was closed at the summary judgment stage where the Court found no dispute of material fact related to Plaintiff's claims; thus, his claims *de facto* do not present a close case for the Court that might mitigate costs.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion is denied. An appropriate order will follow.

Date: 9/19/2017

ANNE E. THOMPSON, U.S.D.J.

6